**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **A.J.V.L.,** | **CIVIL ACTION** |
| **Petitioner,** | |
| **v.** | |
| **J.L. JAMISON, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, Respondents.** | **NO.  26-4669** |

**MEMORANDUM**

**HODGE, J.**                                                                                            **July 9, 2026**

Petitioner A.J.V.L.[1] ("Petitioner" or "Mr. V.L.") is another of the numerous individuals who has been detained by immigration authorities under the relatively new decision by the Bureau of Immigration Appeals ("BIA"). BIA's interpretation of the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225, would permit it to treat an immigrant as "seeking admission" who was not inspected upon arrival in the country even if they arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. V.L.'s petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[2]

---

[1] In the Order granting habeas, the Court also grants Petitioner's unopposed Motion For Leave to Proceed Under Pseudonym (ECF No. 3). The Court therefore refers to Petitioner by these initials where appropriate rather than using Petitioner's full name.

[2] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.  BACKGROUND[3]

Mr. V.L. is a 49-year-old native of Venezuela. (Petition ¶ 1.) He entered the United States at the United States-Mexico border on or about October 2022. (*Id*. ¶¶ 1, 17.) Mr. V.L. was encountered by DHS officers shortly after entering the country, who detained and processed him before releasing him to live with his partner in Pennsylvania. (*Id.* ¶ 18.) Petitioner established a community in Pennsylvania, where he found steady employment as a janitor. (*Id.* ¶ 19.) Mr. V.L. complied with all of the conditions of his removal proceedings and immigration release, never missed a court hearing for his removal proceedings, attended all of his scheduled Immigration and Customs Enforcement ("ICE") check-ins, and has a pending asylum application. (*Id.* ¶¶ 20, 51.) He has never been arrested, charged, or convicted of a crime. (*Id.* ¶ 51.)

Earlier this month, the United States Department of Homeland Security ("DHS") DHS contacted Petitioner who was participating in the Intensive Supervision Appearance Program ("ISAP") and notified him that he needed to report to the ICE office on Friday July 3, 2026 to retrieve a paper with information about an upcoming court date. (*Id.* ¶ 21.) When Petitioner reported at the ICE office on July 3, 2026, instead of providing him information about a court date, DHS detained him at this appointment. (*Id.* ¶ 22.) He was taken into custody at the Federal Detention Center in Philadelphia with no prior notice or opportunity to contest his detention. (*Id.* ¶¶ 1–2, 22–23.) Since detaining Mr. V.L., Respondents have not provided him with the medication that he takes daily to treat HIV. (*Id.* ¶ 24.)

## II.  LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.    DISCUSSION

Respondents assert that the Petition should be denied because Mr. V.L. is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process. (ECF No. 4.)

### A.    Mr. V.L. Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory

detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already present within the United States are "applicants for admission" within the language of Section 1225(b)(2)(A). (ECF No. 5 at 13.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Detention Center Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *see also Cunha v. Freden*, No. 25-3141, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("[T]he government's novel interpretation of the immigration statutes defies their plain text."). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court. I therefore follow the decisions of my colleagues and hold that Section 1225(b)(2)(A) cannot apply to Petitioner, since he was already present in the United States when he was detained.

*See, e.g.*, *Patel v. McShane*, 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Demirel*, 2025 WL 3218243 (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025); (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.).

Respondents also argue that two recent Supreme Court decisions support their position. (ECF No. 4 at 4, 7–8 (citing *Blanche v. Lau*, No. 25-429, 2026 WL 1791339 (U.S. June 23, 2026); *Mullin v. Al Otro Lado*, No. 25-5, 2026 WL 1825741 (U.S. June 25, 2026)).) But neither of these cases required the Court to distinguish between "applicant for admission" and "seeking admission" as used in the INA. In both cases, the Court considered noncitizens who were seeking to enter or reenter the United States at the border, not, as here, noncitizens who encountered immigration officials in the interior. Apparently recognizing this distinction, Respondents cite to these cases for the language the Court used rather than the holdings themselves. As my colleagues in this District have noted, the "arguments from the Court's wording rather than the reasoning or holdings of *Blanche* and *Al Otro Lado* indicates the relative weakness of the connection." *Gonzalez Cardona v. Jamison*, No. 26-4430, 2026 WL 1878606, at *2 (E.D. Pa. June 30, 2026) (Henry, J.); *see also Ramos Vega v. Jamison*, No. 26-4509, 2026 WL 1906667, at *2–4 (E.D. Pa. July 2, 2026) (Perez, J.) (explaining that neither *Blanche* nor *Al Otro Lado* addressed the distinction between "applicant for admission" and "seeking admission," and that "neither alters the plain meaning of § 1225(b)(2)(A)"). Given the above, *Blanche* and *Al Otro Lado* do not alter this Court's determination that Section 1225(b)(2)(A) does not apply to Petitioner.

Respondents assert that the present case is a "*Q. Li*" case, referring to the BIA decision in *Matter of Q. Li*, 29 I. & N. Dec. 66 (B.I.A. 2025), which they define as those cases in which "individuals who entered the United States without inspection, were encountered near the border

and detained without a warrant, released into the country, and, after a passage of time, [were] recently detained under 8 U.S.C. § 1225(b)(2)(A)." (ECF No. 4 at 2, 4.) While Respondents distinguish this category of cases from "*Hurtado* cases," they note that both categories share the same authority for mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 2.) Thus, the Court's statutory analysis above applies in this so-called "*Q. Li*" category of cases. Given that Section 1225(b)(2)(A) is inapplicable to Petitioner, the Court finds that Petitioner has been unlawfully detained in violation of the INA.

### B.    Mr. V.L.'s Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Petitioner. In this instance, he has a strong private interest in his personal liberty. This interest is even more pronounced given that the Government has neglected to provide Petitioner with necessary medication to treat his HIV while he is detained. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for nearly four years with no criminal record poses a high risk of erroneous deprivation of his rights, while a bond

hearing imposes minimal administrative burden. The application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to his detention on July 3, 2026. Because that hearing did not occur, he should not be in custody now.[4]

## III. CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. V.L.'s Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

[4] In light of this Court's ruling that Petitioner's habeas petition is granted based on violation of the INA, 8 U.S.C. § 1226(a) (Claim I), and violation of the Fifth Amendment Right to Due Process (Claims II–V), this Court declines to address Mr. V.L.'s claim for relief pursuant to violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* (Claim VI).